UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONSHEA LAVON RANSOM, | Case No.  2:23-cv-00638-JDP (PC) |
| Plaintiff, | ORDER |
| v. | |
| SACRAMENTO POLICE DEPARTMENT, *et al.*, | |
| Defendants. | |

Plaintiff brings this section 1983 case against the Sacramento County Police Department and two of its officers.  ECF No. 1 at 4.  For the reasons stated below, the complaint cannot proceed as currently articulated.  Additionally, I will grant plaintiff's application to proceed *in forma pauperis*.  ECF No. 5.

1

1

**Screening Order**

2

    **I.**       **Screening and Pleading Requirements**

3         A federal court must screen the complaint of any claimant seeking permission to proceed

4  *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and

5  dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

6  which relief may be granted, or seeks monetary relief from a defendant who is immune from such

7  relief.  *Id.*

8         A complaint must contain a short and plain statement that plaintiff is entitled to relief,

9  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

10  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

11  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

12  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

13  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

14  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

15  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

16  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

17  n.2 (9th Cir. 2006) (en banc) (citations omitted).

18         The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

19  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

20  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

21  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

22  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

23  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

24  1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

25

26

27

28

1    **II.    Analysis**

2        Plaintiff alleges that defendants Smith and Weltz, both officers of the Sacramento County

3    Police Department, used excessive force against him on March 17, 2022.  ECF No. 1 at 4.  The

4    allegations are brief, vague, and provided on an incident report form.  *Id.* at 4.  Plaintiff alleges

5    that defendant Weltz struck him in the face while he was speaking with defendant Smith.  *Id.*  He

6    does not allege what events preceded Weltz's attack, why he was speaking with Smith, or how, in

7    the aftermath of being struck, Smith violated his rights.  I will offer plaintiff an opportunity to

8    amend so that he may better explain his claims and so that he may use a proper complaint form.

9        Plaintiff may file an amended complaint that addresses these deficiencies.  He is advised

10   that the amended complaint will supersede the current complaint.  *See Lacey v. Maricopa County*,

11   693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint will

12   need to be complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule

13   220.  Once an amended complaint is filed, the current complaint no longer serves any function.

14   Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each

15   claim and allege each defendant's involvement in sufficient detail.  The amended complaint

16   should be titled "Amended Complaint" and refer to the appropriate case number.

17        Accordingly, it is ORDERED that:

18       1.  Plaintiff's application to proceed *in forma pauperis*, ECF No. 5, is GRANTED.

19       2.  Within thirty days from the service of this order, plaintiff may file an amended complaint.

20   If he does not, I will recommend this action be dismissed.

21       3.  The Clerk of Court is directed to send plaintiff a complaint form.

22

23   IT IS SO ORDERED.

24   Dated:   __June 20, 2023__                          _____

25                                                       JEREMY D. PETERSON
                                                         UNITED STATES MAGISTRATE JUDGE
26

27

28
                                           3