UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONSHEA LAVON RANSOM,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO POLICE DEPARTMENT, *et al.*,<br><br>Defendants. | Case No.  2:23-cv-0638-JDP (P)<br><br>ORDER TO SHOW CAUSE |

On April 15, 2025, defendants filed a motion to dismiss. ECF No. 27. To date, plaintiff has not filed a response.

To manage its docket effectively, the court requires litigants to meet certain deadlines. The court may impose sanctions, including dismissing a case, for failure to comply with its orders or local rules. *See* Fed. R. Civ. P. 41(b); E.D. Cal. L.R. 110; *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988). Involuntary dismissal is a harsh penalty, but a district court has a duty to administer justice expeditiously and avoid needless burden for the parties. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); Fed. R. Civ. P. 1.

I will give plaintiff a chance to explain why the court should not dismiss the case her failure to file an opposition or statement of non-opposition to defendants' motion. Plaintiff's

1

1  failure to respond to this order will constitute a failure to comply with a court order and will result
2  in dismissal of this action.  Accordingly, plaintiff is ordered to show cause within twenty-one
3  days why this case should not be dismissed for failure to prosecute and failure to comply with
4  local rules.  Should plaintiff wish to continue with this lawsuit, she shall file, within twenty-one
5  days, an opposition or statement of non-opposition to defendants' motion.

IT IS SO ORDERED.

Dated:    May 28, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE