UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONSHEA LAVON RANSOM, | Case No. 2:23-cv-0638-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO POLICE DEPARTMENT, *et al.*, | |
| Defendants. | |

On April 15, 2025, defendants filed a motion to dismiss. ECF No. 27. When plaintiff did not file a timely response, the court issued an order to show cause.[1] ECF No. 30. The court expressly warned plaintiff that she must file an opposition or statement of non-opposition to defendants' motion within twenty-one days or the court would dismiss this action for failure to prosecute and failure to comply with the local rules. The time for plaintiff to comply has passed without word from her. Accordingly, dismissal is warranted.

The court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the

---

[1] The parties consented to magistrate judge jurisdiction. ECF No. 29.

1

Court of any and all sanctions . . . within the inherent power of the Court.").

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In dismissing this action for failure to prosecute and failure to comply with court orders, the court has considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1260-61 (citation omitted).

As laid out above, plaintiff has failed to prosecute and comply with the local rules. Therefore, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to defendants all cut in favor of the sanction of dismissal. The court's warning to plaintiff that failure to obey court orders will result in dismissal satisfies the "considerations of the alternatives" requirement.[2] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424. Plaintiff had adequate warning that dismissal could result from her noncompliance. Accordingly, the court finds that the balance of factors weighs in favor of dismissal.

Accordingly, it is hereby ORDERED that:

1. This action is DISMISSED without prejudice for failure to prosecute and failure to comply with local rules for the reasons set forth in the May 28, 2025 order.

---

[2] The May 28, 2025 order expressly warned plaintiff that her failure to comply with court orders would result in dismissal. ECF No. 30.

  2. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated:  July 2, 2025         _____
                   JEREMY D. PETERSON
                   UNITED STATES MAGISTRATE JUDGE